ROBERTO, GLORIA, and IVÁN GERARDO CLAVELL RODRÍGUEZ, Appellants, v. THE REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. G-65-2.     Decided October 10, 1967.

*Práxedes Álvarez Leandri* for appellants. The Registrar appeared
by brief.

First Division composed of Mr. Justice Pérez Pimentel, as
Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice
Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

A petition was filed in the Registry of Property of Ponce
requesting the registration of six real properties situated in
said municipality in favor of appellants Roberto, Gloria, and
Iván Gerardo, all surnamed Clavell Rodríguez, as testamen-
tary trustees designated by Cosme Clavell Rodríguez, and
of the minors Gloria Milagros and Gustavo Clavell Rosa,
as beneficiaries. The following complementary documents
were attached: 1—certified copy of the open will executed
by Cosme Clavell Rodríguez, No. 66 of June 2, 1956, before
notary Práxedes Álvarez Leandri; 2—certificate issued by
the Clerk of the Supreme Court of Puerto Rico certifying
the registration of said will in the Registry of Wills and
proof that it did not appear that the same had been revoked
or modified in any manner whatsoever subsequent to its
execution; 3—certified copy of deed No. 66 of June 29, 1962,
before notary Práxedes Álvarez Leandri by virtue of which
a document signed by the appellants before notary R. Davis
Vázquez accepting the designation of tutors and trustees was
protocolized; 4—certified copy of the letters testamentary
issued in favor of appellants by the Superior Court, Ponce
Part, on August 7, 1961; and 5—the original receipt of
inheritance tax issued by the Secretary of the Treasury in
relation to the estate of the aforementioned testator.

In the testamentary provisions under consideration, the
testator instituted as heirs his children Gloria Milagros and

Gustavo, in equal parts of his entire estate; he stated that "Although by operation of law, Raquel Rosa, the natural mother of his minor children, has the patria potestas over them, in furtherance of the welfare and education of said children, the testator has deemed it convenient to designate . . . tutors . . . because he believes that the minors' mother does not have sufficient academic preparation and the intellectual and emotional maturity necessary to assume the administration of the minors' property and to govern and provide them with a painstaking education and training," for which reason he designated appellants as his children's tutors, relieving them from the obligation to give bond; and finally, he constituted a trust over *all* his estate, designating the appellants herein as trustees, without obligation to give bond, in order that after his death "they take possession of the estate, administer it, collect the income produced in favor of the testator's minor children . . . ." He established that the trust would last until the children attained majority, and enlarging their powers, he authorized them to encumber and alienate the properties in trust if it were useful, necessary, and convenient for the beneficiaries and in order to execute the trust.

The registrar issued the following note which contains his view of qualification:

"This document is hereby recorded in view of the complementary documents in favor of the trustees . . . but limiting the registration to two-thirds thereof equivalent to the extra and free portion subject to the suspensive condition that the minor beneficiaries' mother accept the inheritance in their behalf (art. 16 of the Mortgage Law), and the record is hereby denied as to the following points: FIRST: Whereas, pursuant to § 741, the constitution of the trust established in the seventh clause cannot burden or condition the minor beneficiaries' legal portion in any manner whatsoever, therefore the trust imposed should be limited only to the extra and free portions, leaving the remaining portion, which constitutes the legal portion, entirely

at the disposal of the heirs. (Sections 855 and 874 of the Civil Code.) SECOND: As to the sixth clause, since a GENERAL or FULL tutorship is constituted, which is equivalent to depriving the mother of the patria potestas in its dual declaration: over the person and property of his minor children, it being contrary to §§ 152, 153, 163 to 167 of the Civil Code; and because the tutorship as organized cannot have three tutors to fulfill the duties jointly, pursuant to the provisions of § 169 in relation to § 176 of the Code. THIRD: Protocolization Deed No. 66 executed before notary Práxedes Álvarez Leandri, on June 29, 1962, is hereby rejected as complementary document because it is contrary to art. 3 of the Mortgage Law, and to arts. 50 and 51 of the Regulations, since the protocolization of an affidavit does not have the effect of constituting such document in a public deed, according to the decision in the case of *Ponce Real Estate Corporation, Edison Puerto Rico Stores, Inc.* v. *Registrar,* appeal No. 1395 of February 7, 1963 . . . ."

An administrative appeal was filed against the preceding note. The errors assigned are: 1) that respondent erred in failing to record the absolute ownership in favor of the trustees of the real properties constituting the hereditary estate; 2) and likewise he erred in denying record because of the other three reasons stated in his note.

1. The strict application of §§ 741—"A testator cannot deprive the heir of his legal portion, except in the cases expressly fixed by law. Neither can he impose upon it any burden, condition, or substitution of any kind whatsoever, with exception of what has been prescribed with regard to the usufruct of the surviving spouse."—846 *in fine* —"Trusts constituted to the detriment or impairment of the rights of heirs at law as prescribed in this title, are hereby prohibited and are likewise null."—and 874[1]—"Nothing con-

---

[1] See, *Álvarez* v. *Sec. of the Treasury,* 80 P.R.R. 15, 36–38 (1957), where Mr. Justice Belaval, in his concurring opinion, refers to the cardinal preoccupation that the incorporation of the institution of trusts might alter the inheritance system in force, with its distinctive characteristic of legal portions.

tained in this chapter shall be understood to repeal or modify the system of inheritance established by this title"—of the Civil Code, 31 L.P.R.A. §§ 2367, 2553 *in fine*, and 2581 supports the refusal of the respondent registrar to record the properties as a whole in the name of trustees. In the presence of a similar situation—the challenge of some trusts inter vivos constituted in favor of certain descendants with preterition to the sole forced heiress—we stated in *Fuxá* v. *Torres*, 85 P.R.R. 272, 275 (1962), that "Since according to § 846 of our Civil Code any trust which impairs the rights of heirs at law is null, it is evident that at the time of determining the legal portion of appellee, consisting of two thirds of one half of the properties transferred for the trust, the proper thing is to treat such trusts as if they had not been effected . . . ." The language in *Belaval* v. *Court of Eminent Domain*, 71 P.R.R. 246, 253 (1950), on which appellants seek to rely, far from being beneficial to them rather strengthens our conclusion. Although "In trusts the property which belonged to the settlor has been conveyed to the trustee, who has all rights and interest corresponding to the *full ownership*, with the only restriction that the transfer is made in accordance with the mandate of the settlor for the benefit of the beneficiary," it is the best showing that actually the right of the minor beneficiaries to receive their legal portion to the extent determined by law is being limited.[2]

---

[2] Incidentally we note that the respondent registrar made the record in favor of the trustees as to the portion of free disposal and the extra portion. In his brief he cites § 751 of the Civil Code, 31 L.P.R.A. § 2391, which authorizes the imposition of encumbrances on the extra portion when they are established in favor of the forced heirs or their descendants, to conclude that within the range of encumbrances that may be imposed a trust like the one under consideration may operate. The doctrine does not seem to support this construction of said provision. V Borrell y Soler, *Derecho Civil Español* 284 (1954 ed.) explains that: "We have seen that . . . [§] 824 states that no other encumbrances can be imposed upon the extra portion than those which may be established in favor of the

■ Appellants themselves argue that the transfer sought to be made in favor of the trustees is "in fee simple and without any limitation or condition whatsoever," since otherwise the intention of the testator and the execution of the trust would be frustrated and judicial intervention would be required every time that it were sought to encumber or alienate the property in trust. Precisely, the intent of the testator is limited by the provisions of positive law sanctioned by the invulnerability of the legal portion.

■ Respondent is also right in maintaining that the protocolization of the certificate attached is not sufficient to validly credit the trustees' acceptance. Section 872 of the Civil Code, 31 L.P.R.A. § 2579, does not authorize the recording of real property in the name of the trustee, unless there is also filed for record, along with the deed of trust *the deed of acceptance.* It is in accord with § 850, 31 L.P.R.A.

forced· heirs or their descendants. As the legal portion extends to ·the two-thirds which are not of free disposal, it should be understood that the prohibition of encumbering, conditioning or providing substitutions in favor of third persons (except in relation to the surviving spouse) extends to the extra portion, but such limitations are permitted if they are imposed in favor of any forced heir or of a potential forced heir. *If they may be bettered directly by the testators, the latter should not be forbidden to better them indirectly because of the limitation imposed upon another ·who has been bettered.* The person who receives the ownership of a thing as extra portion and the person who receives a real right over said thing, the person who may acquire it later in trust, receive an extra portion, although in a different manner, even if it is not done in the most natural way of distributing a material thing between those who have been bettered." See also, III De Diego, *Instituciones de Derecho Civil Español* 248 *et seq.* (1959 ed.) ; and I Fuenmayor, *Intangibilidad de la Legítima, Anuario de Derecho Civil* 46, 58–60 (1948). On the other hand, according to the theory of the separation of the legal title, which corresponds to the trustee, and the equitable interest, which is in the beneficiaries, adopted in *Alvarez v. Sec. of the Treasury,* 80 P.R.R. 15, 18 (1957), the constitution of the trust on the extra portion, would not be a mere encumbrance in favor of the forced heirs, but an act of disposition which would impair the legal portion itself. It should be considered therefore that the title of the property in trust shall be recorded in the name of the trustees, "as in the case of any other conveyance of ownership," says § 871 of said body of laws, 31 L.P.R.A. § 2578.

§ 2557, which provides that the express acceptance must take place in the same form in which the trust is constituted. Therefore it is inferred that a public deed is required to establish the acceptance, and not an affidavit, which does not come within the category of public deed by the mere fact of its protocolization. *Ponce Real Estate Corp.* v. *Registrar*, 87 P.R.R. 202 (1963).

2. Since all that was sought was the registration of the property in the name of the trustees, it is not necessary to consider whether the ground adduced in the note of refusal in relation to the designation of tutors and the scope of their power is correct. See, however, *Mercado* v. *Mercado*, 66 P.R.R. 764, 770–776 (1947) and *Concepción* v. *Latoni*, 51 P.R.R. 547 (1937). It is so acknowledged by appellants in stating that the sixth clause of the will does not affect in any manner whatsoever the registration of the property requested by them.

The note appealed from will be affirmed.